**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1661
_____

WILLIAM SEYMOUR JONES, a/k/a William Seymour,
Appellant

v.

SUPT LOUIS S. FOLINO, SCI Greene;
ASST. SUPT. DAN DAVID, SCI Greene;
CAPTAIN GRAINEY, SCI Greene;
MAJOR M. CAPOZZA, SCI Greene;
RECORDS SUPERVISOR GINA PERRY, SCI
Greene; HOSP. ADM. MARY REESE, SCI Greene;
C/O SHAFFER, SCI Greene; C/O MICHELUCCI,
SCI Greene; C/O RAVENSWINDER, SCI Greene;
PAROLE OFFICER SUPERVISOR JULIE STOWITZY,
SCI Greene; PROPERTY ROOM SERGEANT
KRANIYAH, SCI Frackville; SUPT. DUGLIELMO,
SCI Graterford; SGT. CURRY, SCI Graterford
(Property Room); J. WOOSTER, RN, SCI Graterford;
MRS. PALLOT, Deputy Secretary Asst. (PA D.O.C.);
SECRETARY JEFFREY BEARD, (PA D.O.C.);
DIR. DONALD WILLIAMSON, (PA D.O.C. Transfers Dept.);
DIR. NICHOLAS SCHARFF, MD, Chief of clinical services
at bureau of health care services); PENNSYLVANIA
PAROLD BOARD & CHAIRMAN; TRACY STEINMEIR,
Records Specialist, Bureau of Inmate Services
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-00824)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

March 17, 2011

Before: SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 22, 2011)
_____

OPINION
_____

PER CURIAM

William Jones appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons below, we will affirm.

The procedural history of this case and the details of Jones's claims are well known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, Jones filed a civil rights complaint alleging, <u>inter</u> <u>alia</u>, that Appellees unlawfully confined him in state prison, denied him medical care, denied him access to the courts, and verbally threatened him.[1] After the District Court granted Appellees' motion for summary judgment, Jones filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting Appellees' motion for summary judgment. <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material

_____

[1] We note that when Jones filed his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the District Court, he did not divulge that he had "three strikes" and could only proceed <u>in</u> <u>forma</u> <u>pauperis</u> if he was in imminent danger of serious physical injury. Jones's lack of candor is unacceptable. If, while a prisoner, he files a civil action or appeal in a federal court, he must inform the court that he has had three cases dismissed as frivolous and that he is required to demonstrate imminent danger of serious physical injury in order to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

2

fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2009) (amended Dec. 1, 2010). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

We agree with the District Court that the only claim that Jones properly exhausted was his allegation that Captain Grainey threatened to "bury him in the hole." See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (PLRA requires compliance with procedural rules of grievance process). The District Court was correct that verbal abuse is not a constitutional violation, and Jones has not challenged the District Court's resolution of this claim on appeal.

For essentially the reasons given by the District Court, we will affirm the District Court's judgment. Jones's motions for the appointment of counsel, to proceed in forma pauperis, to strike the Appellees' letter filed pursuant to Fed. R. App. P. 28(j), and for transmission of the District Court record are denied.